Robert O. Rice (# 6639)
**RAY QUINNEY & NEBEKER, P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Phone: (801) 323-3352
Fax: (801) 532-7543
rrice@rqn.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,  Plaintiff,  vs.  THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS and SHARI MICHELE JOHNSON JOLICOEUR, Personal Representative of the ESTATE OF TRACY D. JOHNSON,  Defendants. | **COMPLAINT IN INTERPLEADER**  Case No. 2:16-cv-00064-PMW  Judge Paul M. Warner |

## **COMPLAINT IN INTERPLEADER**

Plaintiff, The Guardian Life Insurance Company of America ("Plaintiff" or "The Guardian"), through undersigned counsel, does hereby file this Complaint in Interpleader and states as follows:

## I.     PARTIES

1. The Guardian is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of New York.

2. Defendant The Church of Jesus Christ of Latter-Day Saints ("Church") is a citizen of the State of Utah.

3. The decedent, Tracy D. Johnson, a/k/a Tracy Dawn Rudd Johnson ("Decedent"), was a citizen of the State of Utah. Pursuant to 28 U.S.C. §1332(c)(2), Defendants Shari Michele Johnson Jolicoeur, as personal representative of the Estate of Tracy D. Johnson ("Estate") and the Estate are citizens of the State of Utah.

## II.     JURISDICTION AND VENUE

4. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. §1332 because the parties are of diverse citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Alternatively, this Court has original jurisdiction over this action, pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331 because this action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq.*, a law of the United States.  Further, this is an interpleader action brought pursuant to Rule 22 of the Federal Rules of Civil Procedure.

5. Venue is proper pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b), because the defendants reside in this District and a substantial part of the events giving rise to this action occurred in this District.

### III.   FACTUAL BACKGROUND

6. The Decedent was an employee of H&C Service Corp., a/k/a IHP Capital Partners ("Employer") and a participant in a life insurance benefit plan established and/or maintained by the Employer ("Plan").

7. The benefits of the Plan were funded, at least in part, by a group life insurance policy issued by The Guardian ("Policy").

8. The Policy establishes the right of an insured to name her beneficiary, and the Policy states that benefits will be paid to the designated beneficiary. A true and correct copy of the Policy is attached hereto as Exhibit A. *See* Exh. A, Policy Certificate, p. 26; Rider, p. 36.

9. The Policy further provides, "[i]f there is no beneficiary when an employee dies, we'll pay this insurance to one of the following: (a) his estate; (b) his spouse; (c) his parents; (d) his children; or (e) his brothers and sisters. *See* Exh. A, Policy Certificate, p. 26; Rider, p. 36.

10. The Decedent named the Church as her beneficiary on May 19, 2004 when the group life insurance benefit plan was issued by Humana. A copy of the Humana beneficiary designation form provided to The Guardian is attached hereto as Exhibit B.

11. According to the Employer, the Decedent never changed her beneficiary designation.

12. The Decedent died on April 10, 2015. A copy of the death certificate is attached hereto as Exhibit C.

13. At the time of the Decedent's death, the amount of benefits payable under the Policy was $300,000.00.

14. Shortly after the Decedent's death, The Guardian received a claim for the life insurance benefits from Defendant Shari Michele Johnson Jolicoeur, acting as personal representative of the Estate of Tracy D. Johnson. A copy of the claim form and related documents is attached hereto as Exhibit D.

15. The Guardian, as the claim administrator, must administer claims under the Policy in accordance with ERISA and the Policy. 29 U.S.C. §1104(a)(1)(D). The Guardian is a fiduciary for purposes of making claims determinations under the Policy and may bring this action pursuant to ERISA, 29 U.S.C. §1132(a)(3).

16. Conflicting issues of fact and law exist as to the proper beneficiary of the Policy benefits and The Guardian has, therefore, been unable to determine who is entitled to the Plan Benefits.

17. The Guardian is now, and at all times has been, ready and willing to pay the Plan Benefits to the party legally entitled to them.

18. The Guardian is merely a stakeholder and claims no beneficial interest in the Plan Benefits, except for the recovery of its reasonable attorneys' fees and costs incurred in bringing this action for interpleader.

19. The Guardian cannot determine the proper beneficiary of the Policy Benefits without assuming the responsibility of determining doubtful questions of fact and law, and without incurring the risk of being subject to costs and expenses in defending itself in multiple suits or the possibility of multiple payments of the amount due.

WHEREFORE, The Guardian respectfully requests that the Court:

A. Permit The Guardian to pay the Policy benefits into the registry of this Court;

B.	Order defendants to answer and present their claims to the Policy benefits;

C.	Issue an Order enjoining and restraining defendants from instituting or prosecuting any action or proceeding in any State or United States court against The Guardian, related entities, and the Plan for the recovery of the Policy benefits or any portion thereof;

D.	Dismiss The Guardian with prejudice from this action, and discharge The Guardian, and the Plan from any further liability upon payment of the Policy benefits into the Registry of this Court, or as otherwise directed by this Court;

E.	Permit The Guardian to recover its costs and attorney's fees in connection with this action; and

F.	Order such other and further relief as this Court deems just and proper.

DATED this 26th day of January, 2016.

RAY QUINNEY & NEBEKER, P.C.

/s/ Robert Rice_____
Robert O. Rice
*Attorney for Plaintiff*

23599714.2