IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,<br><br>      Plaintiff,<br>v.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association of THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation, and SHARI MICHELE JOHNSON JOLICOER, Personal Representative of the ESTATE OF TRACY D. JOHNSON<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR INTERPLEADER RELIEF AND TO DISMISS DEFENDNAT'S COUNTERCLAIMS<br><br>Case No. 2:16-cv-00064-JNP-EJF<br><br>District Judge Jill N. Parrish |

  Before the court is Guardian Life Insurance Company of America's motion for interpleader relief. (Docket 19). Guardian's motion seeks three principle forms of relief. First, it seeks to deposit the proceeds from a life insurance policy into the registry of this court and to be discharged from any liability for the payment of this policy. Second, Guardian seeks the dismissal of various counterclaims asserted against it by the claimants to these proceeds: The Church of Jesus Christ of Latter-day Saints (Church) and the estate of Tracy Johnson (Estate). Third, Guardian requests an award of attorney fees to be paid out of the life insurance money.

  The court held oral argument on the motion on September 6, 2016. At the conclusion of the hearing, the court took the motion under advisement. After considering the written submissions and the arguments presented at the hearing, the court issues this Memorandum

Decision and Order GRANTING IN PART AND DENYING IN PART Guardian's motion for interpleader relief.

## BACKGROUND

Tracy Johnson obtained life insurance through her employer in 2004. She designated the Church as her sole beneficiary. [Docket 5, add. B] At that time, the group life insurance policy provided by her employer was underwritten by Humana. [Docket 5, add. B]

At some point in time, Ms. Johnson's group life insurance policy came to be underwritten by Guardian instead of Humana. The terms of the Guardian policy permitted her to name a beneficiary. [Docket 5, add. A] The policy further provided that if she did not name a beneficiary, the benefits would be paid to one of the following: her estate, her spouse, her parents, her children, or her brothers and sisters. [Docket 5, add. A] After her group life insurance policy was rolled forward to a new underwriter, Ms. Johnson did not name a new beneficiary or amend her prior designation of the Church as her beneficiary.

In 2015, Ms. Johnson passed away. [Docket 5, add. C] At the time of her death, the life insurance policy was worth $300,000. The Estate filed a claim for the proceeds of the life insurance policy. [Docket 5, add. D]

Unsure whether the Church or the Estate was the proper beneficiary of the life insurance proceeds under the terms of the policy, Guardian initiated this interpleader action, naming the Church and the Estate as defendants. In its complaint, Guardian alleged that it was merely a stakeholder and disclaimed any beneficial interest in the life insurance proceeds "except for the recovery of its reasonable attorneys' fees and costs included in bringing [the] action for interpleader." [Docket 5, ¶ 18] The complaint sought permission to pay the policy benefits into the registry of this court and to be dismissed from the suit. [Docket 5, p. 5]

Both the Church and the Estate filed an answer. The Church asserted two counterclaims against Guardian: a claim for breach of contract and a claim seeking a declaration that it is the sole beneficiary of the life insurance policy. The Estate asserted nearly identical counterclaims for breach of contract and for declaratory relief.

Guardian then filed this motion for interpleader relief. Guardian requests that this court (1) permit Guardian to pay the policy benefits into the registry of this court, (2) order the Church and the Estate to answer and present their claims to the policy benefits, (3) issue an order enjoining the defendants from filing an action in any court to recover the policy benefits, (4) dismiss the counterclaims asserted by the Church and the Estate, (5) dismiss Guardian from this action and discharge it from any liability upon payment of the policy benefits into the registry of the court, and (6) permit Guardian to recover costs and attorney fees in connection with this action. The Church opposed the request for attorney fees. The Estate opposed the request to dismiss its counterclaims, the request to dismiss Guardian from this action, and the request for attorney fees.

## ANALYSIS

### I. Interpleader

Guardian filed its interpleader complaint under rule 22 of the Federal Rules of Civil Procedure. This rule provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." FED. R. CIV. P. 22(a)(1). Interpleader under rule 22 "affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1704 (3d ed. 2001). Rule interpleader is "liberally construed to protect the stakeholder from the

3

expense of defending twice, as well as to protect him from double liability." *Mut. Life Ins. Co. of N.Y. v. Bohart* (*In re Bohart*), 743 F.2d 313, 325 (5th Cir. 1984) (citation omitted); *see also* 7 WRIGHT, MILLER & KANE § 1704.

"The primary test for determining the propriety of interpleading the adverse claimants and discharging the stakeholder . . . is whether the stakeholder legitimately fears multiple vexation directed against a single fund." 7 WRIGHT, MILLER & KANE § 1704. That standard is easily met here. As evidenced by the counterclaims asserted by both the Church and the Estate, two parties have asserted adverse claims to all of the proceeds from a single life insurance policy. *See id.* § 1705 ("A prerequisite for permitting interpleader is that two or more claimants must be 'adverse' to each other."). Moreover, the question of which claimant is entitled to the money appears not to be an easy one. The central question at issue in this dispute is whether the 2004 designation remains valid, or whether the decision of Ms. Johnson's employer to switch underwriters for the group life insurance policy invalidated the designation. The Estate claims that two nonbinding authorities support its assertion that the designation is invalid. *See Caples v. U.S. Foodservice, Inc.*, 444 F. App'x 49, 54 (5th Cir. 2011) and *Harleysville Life Ins. Co. v. Harrelson*, No. 7:10-CV-00051-DAN, 2011 WL 4544047, at *8 (E.D.N.C. Sept. 29, 2011). Guardian, on the other hand, points to other nonbinding authorities that appear to support the proposition that a beneficiary designation made prior to a change from one group policy insurer to another remains valid. *See Rendleman v. Metro. Life Ins. Co.*, 937 F.2d 1292, 1294–96 (7th Cir. 1991); *Cox v. Employers Life Ins. Co. of Wausau*, 322 N.E.2d 555, 557–58 (Ill. Ct. App. 1975); *Davis v. Travelers Ins. Co.*, 196 N.W.2d 526, 530 (Iowa 1972); *see also Greater Georgia Life Ins. Co. v. Eason*, 665 S.E.2d 725, 729 (Ga. Ct. App. 2008).

Given the absence of binding caselaw on this point, Guardian has a legitimate fear that it may be exposed to double liability if it makes an incorrect choice as to which party to pay. Guardian, therefore, has met the standard for interpleader relief under rule 22.

In addition to seeking permission to deposit the life insurance proceeds with the registry of this court and a discharge from liability, Guardian also requests an order enjoining the Church and the Estate "from instituting or prosecuting any other proceedings in any State or Federal court against Guardian, related entities or the Plan for the recovery of Plan Benefits or any portion thereof." Because Guardian has filed a rule 22 interpleader action rather than a statutory interpleader action under section 1335, no federal statute expressly authorizes this court to issue such an injunction. *See* 7 WRIGHT, MILLER & KANE § 1703. Guardian's request for an injunction is therefore subject to the anti-injunction statute, which provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Guardian has provided no argument as to whether its request for an injunction fits within an exception to section 2283. Nor has it stated why it is entitled to this form of equitable relief. Moreover, Guardian fails to articulate why such an injunction is necessary. Guardian's request for an injunction is therefore denied.

## II.     Dismissal of Counterclaims

In connection with its request for interpleader relief, Guardian also seeks an order dismissing counterclaims made by the Church and the Estate for breach of contract and declaratory relief. Guardian asserts that because the claimants' rights to the life insurance money will be disposed of in the interpleader action, the counterclaims against it are moot. The Church did not oppose the dismissal of its counterclaims, but the Estate has argued that the dismissal would be improper.

The Tenth Circuit recently addressed the scope of a court's authority in an interpleader action. In *Aviva Life and Annuity Co. v. White*, the circuit court noted that in an interpleader action, "jurisdiction extends only to the fund deposited with the court." 772 F.3d 634, 640 (10th Cir. 2014) (citation omitted); *see also State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 534 (1967) (In an interpleader action "the fund itself is the target of the claimants. It marks the outer limits of the controversy."); *N. Nat. Gas Co. v. Grounds,* 292 F.Supp. 619, 640 (D.Kan.1968), *aff'd in part, rev'd in part on other grounds,* 441 F.2d 704 (10th Cir. 1971) ("'[T]he subject matter of [an interpleader] action' is not a set of facts, a transaction or occurrence which gives rise to the litigation, but a specific identified fund or property. Claims must not only 'relate' to that property, but be asserted against it . . . ."). Thus, a "court may enjoin all other suits claiming an interest in the stake, but lacks jurisdiction to enjoin other claims between the claimants and the stakeholder, even if they arise from the same transaction or occurrence." *Aviva*, 772 F.3d at 642.

Applying this principle, the Tenth Circuit determined that tort claims for fraud asserted by several claimants against the stakeholder were outside of the scope of the interpleader action. *Id.* at 642–44. Therefore, the circuit court concluded that an injunction barring the claimants from pursuing the tort claims would have been improper. *Id.* at 644. In so holding, the circuit court reasoned that the tort claims (1) did "not assert an ownership interest in the interpleaded [insurance] Policies" and (2) were not adverse to a separate claimant's claim to the policies. *Id.* at 642, 643.

The contract claims and declaratory relief counterclaims asserted by the Church and the Estate in this case are readily distinguishable from the tort claims for fraud at issue in *Aviva*. The Church asserts a counterclaim for breach of a contract, alleging that Guardian breached an

obligation to pay it $300,000 under the terms of the life insurance policy. The Estate asserts a similar breach of contract counterclaim in which it alleges that Guardian breached an obligation to pay it the $300,000 in life insurance proceeds. Both the Church and the Estate also seek nearly identical declarations of entitlement to a "sole interest" in the life insurance benefit. [Church counterclaim ¶ 21; Estate counterclaim ¶ 19.] Thus, all of the counterclaims asserted by the Church and the Estate (1) "assert an ownership interest in the interpleaded" life insurance proceeds and (2) are directly adverse to the other party's competing claim to the $300,000 life insurance benefit. *See Id.* at 642, 643.

This court has the authority to dismiss the counterclaims at issue here because they assert an adverse interest in the stake—the $300,000 life insurance benefit. Indeed, if this court did not dismiss the counterclaims, the interpleader action would be useless because Guardian would be forced to litigate the Church's and the Estate's competing claims to the same fund of money.

The Estate argues that its counterclaims should not dismissed because it "has more than adequately provided notice of facts that, taken as true and construed in the light most beneficial to the Estate, state a claim on which relief may be granted for Guardian's breach of its fiduciary duties." This court disagrees. The Estate never articulated a theory of recovery for breach of fiduciary duty in its counterclaims. Instead it asserted that Guardian had breached its contractual obligation by failing to pay the life insurance benefit to the Estate.

Guardian's motion to dismiss the counterclaims asserted by the Church and the Estate is granted. Upon payment of $300,000 plus interest into the registry of this court pursuant to rule 67 of the Federal Rules of Civil Procedure, Guardian shall be dismissed from this lawsuit.

### III.   Attorney fees

Finally, Guardian requests an award of attorney fees to be paid out of the fund to be deposited with the court. The Tenth Circuit has recognized "the common practice" of awarding

attorney fees incurred by a stakeholder. *U. S. Fid. & Guar. Co. v. Sidwell*, 525 F.2d 472, 475 (10th Cir. 1975); *see also United States v. Chapman*, 281 F.2d 862, 870 (10th Cir. 1960). But as Guardian conceded at the hearing, whether to award fees is left to the discretion of this court. *Travelers Indem. Co. v. Israel*, 354 F.2d 488, 490 (2d Cir. 1965). And insurers may not "as a matter of course, transfer a part of their ordinary cost of doing business . . . by bringing an action for interpleader" and receive a fee award. *Id.*; *see also Chase Manhattan Bank v. Mandalay Shores Co-op. Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994) (holding that fee awards are unwarranted "when a stakeholder's interpleader claim arises out of the normal course of business"); *Banner Life Ins. Co. v. U.S. Bank, NA,* 931 F. Supp. 2d 629, 632 (D. Del. 2013) ("Making a determination as to which claim prevails is the ordinary business of insurance companies. Awarding attorney fees to insurance companies would shift their ordinary business expenses to the claimants, which is not generally appropriate." (citation omitted)); *Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 320 (S.D.N.Y. 2014) (denying a fee request because "minor problems that arise in the payment of insurance policies must be expected and the expenses incurred are part of the ordinary course of business" (citation omitted)).

Guardian is in the business of administering claims for life insurance benefits. This court exercises its discretion not to shift these costs to the rightful claimant through an award of attorney fees incurred in bringing this interpleader action. Guardian's request for fees is therefore denied.

## CONCLUSION

Guardian's motion for interpleader relief and to dismiss the counterclaims (Docket 19) is GRANTED IN PART AND DENIED IN PART. Guardian's request to pay the full amount of the life insurance benefit plus interest into the registry of this court is GRANTED. Upon payment of the $300,000 benefit plus interest, (1) Guardian shall be discharged from its

contractual liability to pay the life insurance benefits under the policy for Tracy Johnson; (2) the counterclaims asserted by the Church and the Estate shall be dismissed; (3) Guardian shall be dismissed from this interpleader action; and (4) the Church and the Estate shall be ordered to answer and present their claims to the policy benefits. Guardian's requests for injunctive relief and an attorney fee award are DENIED.

Signed September 9, 2016.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge